UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BENITO ANTONIO MARTINEZ
OCASIO p/k/a BAD BUNNY and
RIMAS ENTERTAINMENT, LLC,

      Plaintiffs,

v.

UNBRANDED BREWING COMPANY,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, Benito Antonio Martinez Ocasio p/k/a Bad Bunny and Rimas Entertainment, LLC (hereafter collectively "Plaintiffs"), by and through their undersigned counsel, sue Defendant (hereafter "Defendant") and allege:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is an action for federal unfair competition/false advertising under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq*.), for violation of Fla. Stat. § 540.08 ("Unauthorized publication of name or likeness"), and for trademark infringement and unfair competition under the common law as a result of Defendant's unauthorized use of Bad Bunny's name, image and likeness.

2.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under Federal Trademark Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks and unfair competition) and 28 U.S.C. § 1338(b) (pendent state law claims).

1

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) as Defendant is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4.      This Court has jurisdiction over Defendant, a Florida corporation, located and transacting business in Miami-Dade County, Florida.

### THE PARTIES

5.      Plaintiff, Benito Antonio Martinez Ocasio, known by his stage name "Bad Bunny," is a Puerto Rican rapper, producer, performer and songwriter.  Ocasio enjoys a huge global fan base, with 35.8 million followers on Instagram alone.  His debut album *X 100pre* (2018) was awarded a Latin Grammy for Best Urban Music album, he performed at the Superbowl LIV halftime show, he earned a Grammy Award for Best Latin Pop Album for his solo studio album, *YHLQMDLG*, he was Spotify's most streamed artist of the year in 2020 and in 2021, he was named by *Time* magazine as one of the 100 most influential people in the world on their annual list.

6.      Of particular note with respect to the instant Complaint, Ocasio is the latest face of Corona Extra beer, part of Corona's "La Vida Mas Fina" campaign which was launched in August, 2020.  Ocasio is featured in the highly popular televised commercials either by himself or alongside rapper "Snoop Dogg" at the beach touting Corona beer.  Corona beer is also one of the sponsors of an Ocasio world tour.

7.      In addition to the stage name "Bad Bunny," Ocasio utilizes the trademark SAN BENITO to provide producer services (hereafter the "trademark").  Ocasio has utilized the name SAN BENITO in connection with producer services since at least

#45882655 v1

August, 2020, and has applied for its registration with the United States Patent and Trademark Office (Serial Number 97084743).

8.      Plaintiff, Rimas Entertainment, LLC, is a Florida corporation engaged in the business of producing and publishing music.  Plaintiff enjoys the exclusive right to enter into endorsement deals on behalf of Ocasio and to otherwise exploit his name, image and trademarks.

9.      Defendant, Unbranded Brewery Company, is a Florida corporation engaged in the business of producing and selling small batch brewed beer.  Defendant sells its beer both online and at its restaurant located in Hialeah, Florida.

## DEFENDANT'S INFRINGING ACTIVITIES

10.      Defendant has produced, sold and advertised one of its "seasonal beers" by naming it "San Benito beer," utilizing Ocasio's first name (Benito), utilizing Ocasio's trademark (SAN BENITO) and depicting an image of Ocasio surrounded by iconography well known by Ocasio's fan base as closely associated with Ocasio (including a bunny and a "third eye" symbol), to further establish (if there was any doubt) that the image is in fact that of Ocasio.  Below is an image of the beer can utilized by Defendant to sell its "San Benito beer:"

#45882655 v1



11. Defendant's product clearly utilizes Ocasio's name, trademark and image.

12. In addition, Defendant has produced and sold stickers and T-shirts with the same graphic image that utilizes Ocasio's name, trademark and image in order to further promote the sale of its "San Benito beer." Below are images of the stickers and T-shirt:

#45882655 v1



#45882655 v1



13.     Defendant never sought or obtained permission to utilize Ocasio's name, trademark or image for any purpose.  Moreover, Defendant never responded to Plaintiffs' cease and desist letter.

14.     Plaintiffs have retained undersigned counsel to represent them in this matter and are obligated to pay counsel their reasonable attorney's fees.

**COUNT I**
**Violation of Section 43(a) of the Lanham Act**
**Federal Unfair Competition/False Advertising**

15.     Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     Defendant has used the name, trademark, image and likeness of Ocasio in promoting, advertising and selling its beer without permission or authority of Plaintiffs and said use is likely to cause confusion, to cause mistake and/or to deceive.  Said use of the name, trademark, image and likeness of Ocasio is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Ocasio with Defendant and its product, and constitutes false advertising and unfair competition.

17.     Defendant's unauthorized use of the name, trademark, image and likeness of Ocasio, as set forth above, violates Section 43(a) of the Lanham Act, §15 U.S.C. § 1125(a).

18.     As a direct and proximate result of Defendant's violations of the Lanham Act, Plaintiffs have suffered actual damages in an amount to be proven at trial.

19.     Plaintiffs are entitled to damages and Defendant's profits, treble damages and attorney's fees pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1117.

20.     However, Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Ocasio's name, trademark, image and

#45882655 v1

likeness by Defendant, unless future unlawful acts and infringements of this kind are enjoined by this Court.

21.     This is an exceptional case under 15 U.S.C. § 1117.

**COUNT II**
**Infringement of Statutory Right of Publicity**
**Fla. Stat. § 540.08**

22.     Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

23.     Plaintiffs have a valuable right of publicity in Ocasio's name and image, which has become valuable throughout Florida, the United States, and the world, and is invested with enormous goodwill in the eyes of the public and is a property right with substantial commercial value.

24.     At all times relevant hereto, Plaintiffs had, and still have, the sole and exclusive right to authorize and license the use of Ocasio's name and image, and have never consented to the unlawful uses made by Defendant, including as alleged herein.

25.     Through the acts and conduct alleged herein, Defendant has knowingly and purposefully, without any right or authorization, misappropriated and continue to misappropriate Ocasio's name and image, including through acts in Florida and throughout the United States.

26.     The conduct of Defendant as alleged herein constitutes a violation of Fla. Stat. § 540.08.

27.     As a proximate result of Defendant's misappropriations of Ocasio's name and image, Plaintiffs have suffered and continue to suffer damages to be fully set forth at trial.

#45882655 v1

28.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further misappropriations of Ocasio's name and image.

29.     Defendant's conduct has been and continues to be willful and in conscious disregard of Plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in a substantial amount according to proof at trial.

### COUNT III
### Common Law Trademark Infringement

30.     Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

31.     Defendant's acts described herein as to the Defendant's use of the SAN BENITO trademark constitutes common law trademark infringement.

32.     Defendant, through the acts and omissions described above, has used in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Ocasio's in a manner that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Ocasio, or as to the origin of Defendant's goods, or as to the sponsorship or approval of Defendant's goods by Plaintiffs, which is not the case.

33.     Plaintiffs have been damaged and will continue to be damaged by Defendant's infringing activities.

34.     Plaintiffs are entitled to preliminary and permanent injunctions prohibiting Defendant from continuing the infringing practices described herein.

35.     Plaintiffs are also entitled to profits and damages arising from Defendant's wrongful use of Plaintiffs mark.

#45882655 v1

36.     Defendant's conduct is willful and in conscious disregard of Plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**Count IV**
**Common Law Unfair Competition**

37.     Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

38.     Defendant's acts described herein constitute unfair competition under the common law.

39.     As a direct and proximate result of Defendant's conduct, Plaintiffs are entitled to recover all proceeds and other compensation received or to be received by Defendant arising from its unfair competition.   Plaintiffs request the Court to order Defendant to render an accounting to ascertain the amount of such profits and compensation.

40.     As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been damaged and Defendant has been unjustly enriched, in an amount that will be proved at trial.   Such damages, restitution, and/or disgorgement should include a declaration by this Court that Defendant is constructive trustee for the benefit of Plaintiffs and an order that Defendant convey to Plaintiffs all the gross receipts received or to be received that are attributable to Defendant's unfair competition.

41.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further unfair competition by Defendant.

#45882655 v1

42.     Defendant's conduct has been willful and in conscious disregard of Plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in a substantial amount according to proof at trial.

WHEREFORE, Plaintiffs pray:

1.     For actual damages according to proof.

2.     For an accounting and award of (1) defendant's profits, (2) any damages sustained by the plaintiffs, and (3) the costs of the action, pursuant to 15 U.S.C. § 1117(a).

3.     For restitution and/or disgorgement of all amounts obtained by Defendants by means of its wrongful acts described herein.

4.     For punitive and exemplary damages according to proof.

5.     For an award of Plaintiffs' attorneys' fees and full costs according to law.

6.     For an award of pre-judgment interest.

7.     For a preliminary and permanent injunction enjoining and restraining Defendant, and its officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly violating Plaintiffs' rights as alleged herein.

8.     For such other relief as the Court deems just and proper.

Respectfully submitted,

GRAY ROBINSON, P.A.
*Attorneys for Plaintiffs*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: (305) 416-6880
Fax: (305) 416-6887
karen.stetson@gray-robinson.com

By: /s/ Karen L. Stetson
Karen L. Stetson (Florida Bar No.: 742937)
Jonathan L. Gaines (Florida Bar No.: 330361)